IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERT MORELION,

      Plaintiff,                    No.  2:10-cv-2986 KJN P

   vs.

M. McDONALD, et al.,

      Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner at High Desert State Prison ("HDSP") proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

   Plaintiff alleges that, on October 6, 2009, correctional officers handcuffed and restrained plaintiff for a period of 5 hours, subjected him to photographs and interviews by institutional gang investigators, then placed plaintiff, through May 24, 2010, on "informal management status, without benefit of due process or review. . . ." (Dkt. No. 1 at 8.)  Plaintiff alleges that during this period of time he was denied any physical exercise, and during the first "few weeks" he was denied the opportunity to shower.  Plaintiff further alleges that his property was taken and retained for more than 3 months, then returned only in part, with several items missing.  Plaintiff claims that these conditions demonstrate a violation of his Due Process rights under the Fourteenth Amendment, and his Eighth Amendment right to be free from cruel or unusual punishment.  Plaintiff names as defendants HDSP Warden M. McDonald, HDSP Appeals Coordinator D. Clark, HDSP Correctional Captain Davey, and "John Does 1-3."  Plaintiff avers that he has exhausted his administrative remedies before bringing this suit.

   "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

   The complaint does not appear to allege any facts suggesting that the taking of plaintiff's property was unauthorized.  Had it been, plaintiff would have been provided a remedy

3

for a tort claim against public officials pursuant to California Government Code, Sections 900 et seq. Rather, plaintiff appears to allege (and copies of the underlying administrative appeals appear to support the inference) that the taking and withholding of plaintiff's personal property was done pursuant to authorized procedures. Moreover, plaintiff fails to allege any facts to show that these procedures failed to accord plaintiff due process of law. Rather, the adherence to patently adequate institutional procedures and remedies fails to state a cognizable claim under the Fourteenth Amendment for the taking and/or withholding of plaintiff's personal property.

Review of the underlying administrative appeals also indicates that plaintiff, like all other "Facility 'B'" general population inmates at HDSP, was subject to the imposition of a "modified program" in response to violent incidents at the institution, and that such modification included routine investigation into possible gang activities. In general, prison officials have discretion to impose reasonable modified programs in response to disruption or potential disruption within a prison population. Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010). Plaintiff makes no allegation of racial animus or other constitutionally significant inequity in the program. Being handcuffed for a period of 5 hours pending an investigation is not inherently unreasonable. Moreover, the underlying appeals indicate that plaintiff never lost his "A1A" program status. (Dkt. No. 1 at 20.) Thus, none of these allegations appear to assert an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472, 484 (1995), and thus fail to state a potentially cognizable claim premised on implementation of the modified program itself.

Plaintiff does, however, appear to state potentially cognizable claims based on his allegations that, during the modified program, he was denied the opportunity to exercise for a period of nearly 8 months, and denied the opportunity to shower for a period of a "few weeks." "If the prison allots a standard number of hours per week for exercise, the prison officials are aware that denial of this exercise for a substantial period creates an excessive risk to a prisoner's health." Johnson, 594 F.3d at 672, citing Allen v. Sakai, 48 F.3d 1082, 1088 (9th Cir. 1995). It

4

is reasonable to apply the same principle to showering.  The appropriate test for an Eighth Amendment claim under these circumstances is whether "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Nonetheless, the complaint lacks any allegations regarding the challenged conduct of the named defendants.  No specific allegations are made against any of the named supervisory personnel (Warden McDonald, Appeals Coordinator Clark, and Correctional Captain Davey), while allegations against "Doe Defendants" are disfavored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (court cannot order service of a complaint on defendants not identified by name).  "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.  A supervisor may be liable [only] if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

These inadequacies of the complaint require its dismissal.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of each potentially cognizable claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which specific defendants engaged in that support plaintiff's claims.  Id.  Because the complaint fails to set forth a short and plain statement for relief, as required by Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave

to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must, consistent with the principles set forth herein, demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, supra, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances at this time. Plaintiff has adequately set forth his claims in a legible complaint, supported by pertinent exhibits. Therefore, plaintiff's

request for the appointment of counsel is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's request for the appointment of counsel (Dkt. No. 3) is denied without prejudice.

DATED: April 28, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

more2986.14new.31

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERT MORELION,

        Plaintiff,                    No. 2:10-cv-2986 KJN P

    vs.

M. McDONALD, et al.,

                                    NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

_____        _____
Date                                       Plaintiff